IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUIDO E. RENGIFO BENITEZ,

    Plaintiff,

v.       CIVIL NO. 98-2392 (RLA)

AUTORIDAD DE LOS PUERTOS DE
PUERTO RICO, et al.,

    Defendants.

### MINUTES OF SETTLEMENT CONFERENCE HELD ON AUGUST 30, 1999 AND SCHEDULING FURTHER SETTLEMENT CONFERENCE PRETRIAL CONFERENCE AND JURY TRIAL

At the Settlement Conference held on August 30, 1999 from 2:20 p.m. to 3:05 p.m. plaintiff was represented by RENATO BARRIOS, ESQ. Codefendant P.R. PORTS AUTHORITY was represented by ELBA M. BAEZ RIVERA, ESQ.

### DAMAGES

Defendant has been provided with copy of plaintiff's medical records from Puerto Rico. Plaintiff shall furnish copy of the stateside medical records to defendant **no later than September 15, 1999.**

Plaintiff announced DR. HILARIO GUZMAN Y LEON, a physiatrist as its expert witness. His report shall be provided to opposing counsel **no later than September 15, 1999.**

Defendant shall announce its expert witnesses **no later than September 3, 1999.** Their reports are due **no later than November 17, 1999.** Plaintiff's physical examination shall be conducted **no later**

CIVIL NO. 98-2392 (RLA)                                                    Page 2

than **October 30, 1999**. Plaintiff shall be given advance notice of the appointment in order to make the necessary traveling arrangements.

The deposition of all expert witnesses shall be concluded **no later than November 30, 1999.**

### AIR CONDITIONING SYSTEM

Defendant is still contesting its obligation to provide maintenance to the area leased to CONTINENTAL AIRLINES. According to defendant's counsel, no written lease contract has been executed because CONTINENTAL AIRLINES has continued to expand its operations at the airport. Only an unsigned draft of the lease contract is available.

Plaintiff claims that the defendant is responsible for the maintenance and repairs of the air conditioning system since it provides services to all the airport dependencies, not only those leased by CONTINENTAL AIRLINES. It is his contention that because of the nature of the system the air conditioning must be treated differently from the overall leased premises. Further, according to counsel, the P.R. PORTS AUTHORITY sent repairmen to fix the unit at the CONTINENTAL AIRLINES area the day before the accident in response to plaintiff's complaints.

Defendant shall advise, **no later than September 10, 1999** whether or not the P.R. PORTS AUTHORITY concedes responsibility over

CIVIL NO. 98-2392 (RLA)                                          Page 3

---

the air conditioning system. In the event that defendant contests this issue it shall submit, by the aforementioned deadline, the names, position and a brief summary of the testimony of those individuals that can establish that the responsibility for the maintenance and repairs of the air conditioning system in the area leased to CONTINENTAL AIRLINES at the time of plaintiff's accident belonged to the lessee.

Given the time available for defendant to locate this evidence counsel is admonished that failure to identify the individuals with knowledge of this issue with a proffer of their testimony by **September 10, 1999** will result in the automatic **WAIVER** of this defense.

The depositions of those individuals identified by defendant regarding the maintenance issue shall be taken **on October 28, 1999** commencing at **10:00 a.m.** at the office of plaintiff's attorney. Defendant shall produce the witnesses on that date without the need of further notice or subpoena.

**FURTHER SETTLEMENT CONFERENCE**

A FURTHER SETTLEMENT CONFERENCE is set for **January 26, 2000 at 2:30 p.m.**

## PRETRIAL CONFERENCE

A **PRETRIAL CONFERENCE**, to be held before the undersigned,[1] is hereby scheduled for **February 8, 2000 at 2:30 p.m.**

A Proposed Joint Pretrial Order[2] shall be filed **on or before February 2, 2000** and shall contain the following:

### I. Nature of the Case

A statement of the nature of the case agreed upon by all parties which shall include issues of jurisdiction. In the event that the parties cannot agree upon a single description, separate versions shall be submitted.

### II. Theories of the Parties

Each party shall present concisely its pertinent legal theories including applicable citations to statutes and caselaw. Counsel are directed to fully disclose all trial issues since the Proposed Joint Pretrial Order will supersede the pleadings in establishing the issues to be heard and considered at trial.

### III. Admitted Facts

The parties shall provide a comprehensive listing of all admitted or stipulated facts.

---

[1] The parties shall contact the undersigned's chambers to verify where the conference will be held.

[2] A courtesy copy to be delivered directly to the chambers of the undersigned.

CIVIL NO. 98-2392 (RLA)                                    Page 5

IV. **Contested Facts**

The parties shall provide a listing of contested facts.

V. **List of Exhibits**

This section shall contain a listing of all exhibits which have been pre-marked/numbered. Each exhibit shall be identified by a descriptive title as well as its identification number. The parties shall indicate those exhibits, if any, which are not objected to by opposing counsel.

VI. **Depositions**

The party wishing to use deposition testimony at trial shall list the depositions. Additionally, designations and objections shall be submitted in accordance with the undersigned's STANDING ORDER FOR CIVIL TRIALS issued on **February 10, 1994.**

VII. **Witnesses and Interpreters**

Each party shall identify witnesses to be presented at trial and include a brief, one paragraph, offer of proof. Additionally, the parties shall specifically identify those witnesses who will need the services of a court-certified interpreter during trial.

CIVIL NO. 98-2392 (RLA)                                                    Page 6

### VIII. Expert Witnesses and Interpreters

Each party shall list its expert witnesses and include his/her curriculum vitae and an offer of proof. If an expert report has been produced, the report shall be submitted in conjunction with the offer of proof. Additionally, the parties shall specifically identify those experts who will need the services of a court-certified interpreter during trial.

### IX. Itemized Statement of Special Damages

In anticipation that the issue of special damages may arise, an itemized statement of special damages shall be incorporated into the Proposed Joint Pretrial Order. The party or parties not in agreement with the proposed statement shall include its/their opposition in this section.

### X. Estimated Length of Trial

Parties shall indicate the estimated length of trial. The Proposed Joint Pretrial Order may be modified by this Court only upon a showing of good cause.

### JURY TRIAL

**TRIAL** in this action hereby set for **February 15, 2000 at 9:30 a.m.**

CIVIL NO. 98-2392 (RLA)                                                Page 7

___

**STANDING ORDER**

The parties shall file a TRIAL BRIEF, PROPOSED JURY INSTRUCTIONS, PROPOSED VOIR DIRE and PROPOSED VERDICT FORM[3] no later than **February 11, 2000** in accordance with the undersigned's STANDING ORDER FOR CIVIL TRIALS issued on **February 10, 1994**.

The parties shall make the necessary arrangements with the courtroom deputy clerk to have the evidence marked prior to trial.[4]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2 day of September, 1999.

                                    _____
                                    RAYMOND L. ACOSTA
                                    United States District Judge

___

[3] Courtesy copies of all these documents shall be delivered directly to the chambers of the undersigned.

[4] The parties shall furnish the undersigned an additional copy of all documents intended to be presented as evidence at trial.

AO 72
(Rev 8/82)

CIVIL NO. 98-2392 (RLA)                                              Page 8

_____

## SUMMARY OF DEADLINES AND SETTINGS

| Date | Event |
|---|---|
| 9/3/99 | Deadline for defendant to identify expert witnesses. |
| 9/10/99 | Deadline for defendant to submit motion regarding responsibility for maintenance and repairs of air conditioning system. |
| 9/15/99 | Deadline to provide plaintiff's stateside medical records. |
| 9/15/99 | Deadline for plaintiff's expert report. |
| 10/28/99 | Depositions of defendant's witnesses regarding responsibility for maintenance and repairs of air conditioning system. |
| 10/30/99 | Deadline for plaintiff's medical examination. |
| 11/17/99 | Deadline for defendant's expert report. |
| 11/30/99 | Deadline for depositions of expert witnesses. |
| 1/26/2000 | FURTHER SETTLEMENT CONFERENCE |
| 2/2/2000 | Deadline for filing JOINT PRETRIAL ORDER |
| 2/8/2000 | PRETRIAL CONFERENCE at **2:30 p.m.** |
| 2/11/2000 | Deadline for filing TRIAL BRIEF, PROPOSED JURY INSTRUCTIONS, PROPOSED VOIR DIRE and PROPOSED VERDICT FORM |
| **** | Parties to mark evidence prior to trial |
| **** | Parties to provide the court copy of all documents intended to be presented as evidence at trial. |
| 2/15/2000 | JURY TRIAL at **9:30 a.m.** |

AO 72
(Rev 8/82)